# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BRITANY MARKS,** | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. 18-00039-JB-B |
| **WAL-MART STORES, INC.,** | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), is before the Court on review. For the reasons set forth below, it is RECOMMENDED that the claims of Plaintiff, Britany Marks, be DISMISSED without prejudice for failure to prosecute and obey the Court's orders.

## I. BACKGROUND

On January 31, 2018, Plaintiff, who is proceeding *pro se*, filed a complaint alleging that Defendant violated the Family and Medical Leave Act by denying her leave request and discriminated against her after she filed an "open door" complaint alleging racial discrimination. (Docs. 1, 2). On May 29, 2018, Defendant, Wal-Mart Stores East, LP ("Wal-Mart"), filed a motion to dismiss or, in the alternative, for a more definite statement. (Doc. 9). In an order dated May 30, 2018, (Doc. 13), the Court directed Plaintiff to file a response to Defendant's motion no later than June 20, 2018. (Doc. 9). On June 20, 2018, Plaintiff filed a

motion for extension of time. In the motion, Plaintiff reported that she had been in an automobile accident and, as a result, she needed additional time to seek legal representation. (Doc. 14). On June 21, 2018, the Court granted Plaintiff's motion and extended the deadline for Plaintiff's response to July 30, 2018. (Doc. 15). However, Plaintiff never responded. Because of Plaintiff's failure to respond as directed in the Court's orders dated June 21, 2018, and May 30, 2018, the Court issued an order on October 5, 2018, ordering Plaintiff to show cause by October 19, 2018, why this action should not be dismissed for failure to prosecute and failure to obey an order of this Court. Plaintiff was advised that failure to file a written response to the order by October 19, 2018, would be considered by the Court an abandonment of the prosecution of the instant action and would result in a recommendation that this case be dismissed for failure to prosecute and failure to comply with the Court's directives, without further notice. To date, Plaintiff has not responded to the Court's orders. Further, her copies of the orders have not been returned to the Court, and she has not sought additional time in which to comply.

**II. DISCUSSION**

"District courts possess inherent power to sanction errant litigants before them[,]" including the power to dismiss an action for failure to prosecute. <u>Bolar v. Southern Intermodal Express</u>, 2018 U.S. Dist. LEXIS 158788, *5, 2018 WL 5116539, *2 (S.D. Ala. Sept. 17, 2018), *report and recommendation adopted sub nom.,* 2018

2

U.S. Dist. LEXIS 179588, *2, 2018 WL 5116093 (S.D. Ala. Oct. 19, 2018) (quoting Hudson v. Cardwell Corp., 2006 WL 2135791, *1, 2006 U.S. Dist. LEXIS 55306 at *3 (S.D. Ala. July 27, 2006)). While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 F. Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.). Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.

In the instant action, Plaintiff was informed that failure to comply with the Court's orders could result in dismissal. In

3

addition, Plaintiff was given three opportunities to respond to Defendant's motion and the Court's orders directing her to respond, and she failed to do so. Plaintiff's inaction and repeated failure to comply with the Court's directives strongly suggests that she has lost interest in this litigation and does not intend to prosecute this action. Under the circumstances, the Court finds that no alternatives short of dismissal will suffice.

### III. Conclusion

Based on the foregoing, it is RECOMMENDED that this action be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with the Court's directives.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that, under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on

4

unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this the **5th** day of **November, 2018.**

                                       **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**